## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____1:20-cv-00569_____

KYLE A. BENDER, *on behalf of himself*
*and all others similarly situated*,

    Plaintiff,

v.

EVERGREEN PEST SOLUTIONS, LLC,

    Defendant.

---

## CLASS ACTION COMPLAINT

---

**NOW COMES** Kyle A. Bender ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of himself and all others similarly situated, complaining as to the conduct of Evergreen Pest Solutions, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this putative class action on behalf of himself and numerous other individuals seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as Plaintiff resides in the District of Colorado, Defendant is headquartered and conducts business in the District of Colorado,

and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

## PARTIES

4.  Plaintiff is a consumer and natural person over 18-years-of-age and is a "person" as defined by 47 U.S.C. §153(39).

5.  Defendant provides pest control services to consumers and maintains its principal place of business at 4541 South Decatur Street, Englewood, Colorado 80110.

6.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.  At all times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, vendors, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTS SUPPORTING CAUSES OF ACTION

8.  In June 2019, Plaintiff enlisted Defendant's pest control services for his home.

9.  Disappointed with the lack of results, Plaintiff called Defendant and cancelled future pest control services in August 2019.

10. In January 2020, Defendant began placing collection calls to Plaintiff's cellular telephone number (303) XXX-1911, in an attempt to collect on an allegedly defaulted cancellation fee for $160.00 ("subject debt").

11. Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 1911.

12. Immediately after the calls began, Plaintiff answered a phone call from Defendant and was greeted by a pre-recorded message stating in pertinent part:

> "You have an outstanding debt with Evergreen Pest Solutions in the amount of $160.00."

13. The pre-recorded message also requested that Plaintiff call Defendant back at (719) 220-6202.

14. That same day, Plaintiff called Defendant back at the number provided in the pre-recorded message and spoke to a female representative.

15. Defendant's representative stated that Plaintiff had agreed to pay the cancellation fee, but Plaintiff disagreed and stated that he never signed such an agreement.

16. Defendant's representative told Plaintiff they would continue calling him until they received payment on the subject debt.

17. Plaintiff demanded Defendant stop calling him, as it would be harassment if the calls continued against his wishes.

18. A couple of days later, Plaintiff received another phone call with a pre-recorded message from Defendant.

19. Once again, Plaintiff called Defendant and demanded it stop calling him.

20. Again, Defendant's representative stated that the calls would continue until it received payment on the subject debt.

21. Defendant also sent or caused to be sent text messages to Plaintiff's cellular phone requesting payment on the subject debt.

22. Plaintiff responded "STOP" to the text messages, but Defendant persisted in texting him to attempt to collect upon the subject debt.

23. Despite Plaintiff's multiple requests that Defendant stop texting and calling him, Defendant has placed or caused to be placed numerous phone calls and text messages to Plaintiff's cellular telephone from January 2020 through the present day.

24. Moreover, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system ("ATDS") and pre-recording technology, a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

25. Defendant uses the phone number (719) 220-6202 to contact Plaintiff, but upon information and belief, it may use other phone numbers to contact Plaintiff on his cellular phone.

## DAMAGES

26. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

27. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

28. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

29. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on his own behalf and on behalf of all similar situated persons in the United States who can be defined as follows:

> All persons in the United States with United States based telephone numbers who received a telephone call and to their cellular phones within the last four years by Defendant where Defendant placed the phone calls using pre-recorded voice technology *after* the called parties told Defendant to stop calling.

31. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

32. The Class consists of hundreds or more persons throughout the United States, such that joinder of all Class members is impracticable.

33. There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the TCPA, particularly because these are based on a common course of conduct by Defendant.

34. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

35. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

36. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the TCPA by using an automatic telephone dialing system to call persons and using a pre-recorded message to entice consumers to call back;

(ii) whether Defendant violated the TCPA by continuing to place phone calls to persons who requested that the phone calls cease; and (iii) the type and amount of relief to which the Plaintiff and Class members are entitled.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Defendant repeatedly sent or caused to be sent frequent non-emergency text messages, including by not limited to the messages referenced above, to Plaintiff's cellular telephone number using a telephone facsimile machine ("TFM") or transmitting text without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(C).

40. The TCPA defines TFM as "equipment which has the capacity…to transcribe text or images, or both from paper into an electronic signal and to transmit that signal over a regular telephone line." 47 U.S.C. §227(a)(3).

41. Upon information and belief, based on Defendant's frequency and content of the text messages, Defendant used a TFM.

42. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") and pre-recorded voice technology without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

43. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

44. As discussed above, based on Defendant's pre-recorded messages and lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

45. Based on the pre-recorded messages Plaintiff heard during the phone calls in which Plaintiff answered, Defendant placed these aforementioned calls to Plaintiff using pre-recorded voice technology.

46. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

47. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

48. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

49. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

50. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

51. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between January 2020 and the present day, using an ATDS without his consent.

52. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

53. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

54. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, KYLE A. BENDER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;

b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);

c. Enjoining Defendant from further contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 28, 2020                          Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
/s/ Alexander J. Taylor
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com
ataylor@sulaimanlaw.com